1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    SHEILA HALOUSEK,                          Case No.  25-cv-05816-SI

8                     Plaintiff,

9           v.                                 ORDER TRANSFERRING ACTION TO
                                               THE EASTERN DISTRICT OF
10   STATE OF CALIFORNIA, et al.,              CALIFORNIA

11                    Defendants.              Re: Dkt. No. 4

12

13          On July 11, 2025, self-represented plaintiff Sheila Halousek filed this action in the Northern

14   District of California.  Dkt. No. 1.  The case was originally assigned to Magistrate Judge Kim.  On

15   July 16, 2025, Judge Kim issued an order granting plaintiff's *in forma pauperis* application, referring

16   the case for reassignment to a District Judge, and recommending the District Judge dismiss the case

17   without prejudice.  Dkt. No. 4.  In her order, Judge Kim explained that plaintiff's complaint does

18   not comply with Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement

19   of the claim showing that the pleader is entitled to relief."  *Id.* at 1.  Judge Kim also found that venue

20   is proper in the Eastern District of California rather than the Northern District of California.  *Id.* at

21   2.  Plaintiff filed an objection to Judge Kim's order by the stated deadline.  *See* Dkt. No. 7.

22          This Court has independently reviewed the filings in this case, including plaintiff's

23   complaint and objection to the report and recommendation.  The Court agrees with Judge Kim that

24   this case should have been brought in the Eastern District of California, although for slightly

25   different reasons.  Under 28 U.S.C. § 1391(b)(1), a civil action may be brought in "a judicial district

26   in which any defendant resides, if all defendants are residents of the State in which the district is

27   located."  Here, the state of California is a defendant, and the Ninth Circuit has held that "[a] state

28   is ubiquitous throughout its sovereign borders."  *See California v. Azar*, 911 F.3d 558, 570 (9th Cir.

2018).  "The text of the [venue] statute therefore dictates that a state with multiple judicial districts 'resides' in every district within its borders."  *Id.* (citations omitted).  Plaintiff brought an earlier case in the Eastern District of California against some of the same defendants and involving some of the same evidence.  *See Halousek v. Sacramento Cnty. Sheriff's Office*, No. 2:21-cv-2351 TLN DB PS (E.D. Cal. filed Dec. 20, 2021).  That case was dismissed without prejudice, and the district court also denied plaintiff's motion to transfer venue to the Northern District of California.  *See id.* at Dkt. Nos. 11, 15.

Where an alternative forum with greater relation to the defendant or the action exists than the forum in which the action was filed, 28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  When venue is proper in multiple judicial districts, courts evaluate a number of factors to determine which venue is more convenient to the parties and the witnesses.  S*ee Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).  These factors include: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum."  *Id.* (citation omitted).

In objecting to Judge Kim's order, plaintiff appears to argue that this case should be in the Northern District because, in the "original version of this case" filed in the Eastern District, "Plaintiff did not receive justice in that Court."  Dkt. No. 7 at 3.  Plaintiff further argues that the "principle that a plaintiff can lawfully engage in forum shopping is sufficiently fundamental to our federal system."  *Id.* at 4.  Not so.  Although "[t]he general rule is that a plaintiff's choice of forum is afforded substantial weight[,]" *see Williams*, 157 F. Supp. 2d at 1106, courts within the Ninth Circuit routinely disregard a plaintiff's forum choice where the suit is a result of forum shopping.  *See, e.g., Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d. 1208, 1214-15 (S.D. Cal. 2013); *Foster v. Nationwide Mut. Ins. Co.*, No. C 07-4928-SI, 2007 WL 4410408, at *3 (N.D. Cal. Dec. 14, 2007); *see also Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

United States District Court
Northern District of California

1   In addition, the majority of the other factors weigh in favor of transferring this case to the

2   Eastern District of California.  Plaintiff resides in Sacramento (in the Eastern District), all of the

3   defendants are located in the Eastern District, and all of the events at issue in this case took place in

4   the Eastern District.  No events described in the complaint took place in the Northern District.

5   Therefore, should this case proceed on the merits, the convenience of the parties, the convenience

6   of the witnesses, the ease of access to the evidence, the familiarity of that forum with the applicable

7   law, and any local interest in the controversy all weigh in favor of transferring this case to the Eastern

8   District.

9   Accordingly, the Court orders this case TRANSFERRED to the United States District Court

10  for the Eastern District of California.  Whether plaintiff's complaint states a claim sufficient to clear

11  the hurdle of 28 U.S.C. § 1915(e)(2)(B) shall be for that court to determine.

12  In sum, and for the reasons stated above, the Court adopts the report and recommendation at

13  Dkt. No. 4 to the extent consistent with this order.

15  **IT IS SO ORDERED**.

16  Dated: September 2, 2025

18  SUSAN ILLSTON
    United States District Judge

3