UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA HALOUSEK,<br>Plaintiff,<br>v.<br>STATE OF CALIFORNIA, *et al.*,<br>Defendants. | Case No. 2:25-cv-2659-DJC-JDP (PS)<br><br>ORDER |

Plaintiff Sheila Halousek brings this action against the State of California, Sacramento County Sheriff's Office, Christopher Lee Bliss, Sacramento County, Sacramento Superior Court, and Commissioner Helfer. I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

All complaints, even those filed pro se, must adhere to pleading requirements delineated by Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th Cir. 1996) (concluding that a court may dismiss a pro se litigant's complaint for noncompliance with Rule 8); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Compliance with Rule 8 requires "a short and plain statement showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and each allegation "must be simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1). Courts have described the Rule 8 standard as the "fair-notice" standard, which requires that a pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp.*, 550 U.S. at 555.

It is difficult to understand plaintiff's complaint. Plaintiff devotes several pages to asserting that the court has federal question jurisdiction over this action, *see* ECF No. 1 at 3-9,

and she spends many more pages alleging that defendants are not immune from her suit, *see id.* at 9-20. Plaintiff then alleges that she has a constitutional right to due process prior to the confiscation of property*, see id.* at 20-25, and provides various municipality ordinances relating to sidewalk obstruction, *see id.* at 25-31. It is not until page 34 of the complaint that plaintiff presents any factual allegations surrounding her claim, pleading that she was issued warnings in 2021 and 2024 for her vehicle obstructing a public right of way. *See id.* at 34, 39.

The allegations in the complaint are too vague to proceed. The limited allegations are insufficient to put all defendants on notice of plaintiff's claims and of the factual basis for them. *See Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). The complaint also fails to comply with Rule 8; indeed, the complaint is far from "simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1).

Further, plaintiff attaches to her complaint an order from this court in an earlier-filed action. *See* ECF No. 1 at 49-51. Plaintiff initiated that action in December 2021 over the same or substantially similar alleged wrongdoing. *See Halousek v. Sacramento County Sherriff*, Case No. 2:21-cv-2351-TLN-DB (E.D. Cal. 2021). In that action, the court found that plaintiff failed to satisfy Rule 8 and that, although plaintiff did not state whether her vehicle was ultimately impounded, existing case law supported a local government's ability to do so in certain situations.[1] *See Halousek v. Sacramento County Sherriff*, Case No. 2:21-cv-2351-TLN-DB, ECF No. 5 at 3-4.

The complaint is dismissed with leave to amend. Plaintiff may file an amended complaint that explains why, if at all, her claims should proceed. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within fourteen days of this order's entry.

---

[1] The earlier action was ultimately dismissed without prejudice because plaintiff did not comply with her obligation to keep the court advised of her address. *Halousek v. Sacramento County Sherriff*, Case No. 2:21-cv-2351-TLN-DB, ECF No. 11.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within fourteen days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: September 2, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE