UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA HALOUSEK,<br>Plaintiff,<br>v.<br>STATE OF CALIFORNIA, *et al.*,<br>Defendants. | Case No. 2:25-cv-2659-DJC-JDP (PS)<br><br>ORDER |

Plaintiff Sheila Halousek brings this action against the State of California, Sacramento County Sheriff's Office, Christopher Lee Bliss, Sacramento County, Sacramento Superior Court, and Commissioner Helfer. I previously dismissed the complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. I will dismiss the first amended complaint and give plaintiff a final opportunity to remedy the identified deficiencies.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

All complaints, even those filed pro se, must adhere to pleading requirements delineated by Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th Cir. 1996) (concluding that a court may dismiss a pro se litigant's complaint for noncompliance with Rule 8); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Compliance with Rule 8 requires "a short and plain statement showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and each allegation "must be simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1). Courts have described the Rule 8 standard as the "fair-notice" standard, which requires that a pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp.*, 550 U.S. at 555.

It is difficult to parse plaintiff's complaint. Plaintiff includes a lengthy "Basis for Jurisdiction" section that expands on various legal authorities, including the Fourteenth Amendment, the Fifth Amendment, the Eighth Amendment, the Eleventh Amendment, 42 U.S.C. § 1983, and punitive damages. ECF No. 13 at 3-13. Plaintiff does not specify whether she is bringing claims under each of these authorities and, if so, against which defendants she proceeds as to each authority.

Plaintiff describes three events in the first amended complaint. First, she alleges that, in June 2024, defendant Sacramento County Sheriff's Deputy Bliss issued her a ticket for obstructing a right of way when plaintiff was sitting on a sidewalk. *Id*. at 14. Plaintiff alleges that she "was not blocking the sidewalk, but sitting on the side of the dead end."[1] *Id*. Plaintiff pleads that she "should have been given the county's 72-hour Notice or the 8-hour city notice to move, NOT a Notice to Appear in court." *Id*. at 17 (emphasis in original). Plaintiff alleges that although she "made arrangements to participate" in her court hearing via Zoom, "she was denied an opportunity to present her arguments or supporting evidence and the Court ruled against her." *Id*. at 18. Plaintiff was subsequently assessed a $100 fine for failure to appear. *Id*. at 39. Plaintiff asserts that the Sacramento County Superior Court denied her meaningful access to court proceedings. *Id*. at 18.

Second, plaintiff alleges that, in November 2021, she was issued a "72-Hour Notice, Vehicle Check/Parking Warning, for the towing of Plaintiff's vehicle." *Id*. Plaintiff alleges that she parked her car on the street "close to friends and family that she visited," and it appears that the vehicle had been there for some time. *See id*. at 18-19. Plaintiff pleads that two police officers approached her while she was in her vehicle and stated that her vehicle would be towed if she did not move it. *Id*. at 19. Plaintiff was then issued a 72-hour notice. *Id*. Plaintiff does not state whether her vehicle was ultimately impounded.

Plaintiff provides that, in December 2021, she initiated an action in this District regarding the 72-hour notice. *Id*. at 20. In that action, the court found that plaintiff failed to satisfy Rule 8

[1] Plaintiff references a similar incident occurring "[a] few days later" but does not allege that she was ticketed at that time. ECF No. 13 at 16.

and that, although plaintiff did not state whether her vehicle was ultimately impounded, existing case law supported a local government's ability to do so in certain situations.[2] *See Halousek v. Sacramento County Sherriff*, Case No. 2:21-cv-2351-TLN-DB, ECF No. 5 at 3-4.

Third, plaintiff alleges that, in October 2025, she was arrested and transported to jail, and that while she was in custody, she was subjected to "a toilet that was blocked and filled with waste and debris" in a holding cell. ECF No. 13 at 21. She also pleads that she was forced to reveal "her private medical information in a public place." *Id*. at 22.

After pleading these three events, plaintiff alleges that she has suffered irreparable injury and that she seeks the following relief: (1) a court order "mandating that the State of California adequately supervise their subdivisions"; (2) a court order "mandating that the Sacramento Sherrif's Department actually comply with the law and stop harassing Plaintiff"; (3) the return of her personal property that was allegedly confiscated; (4) a court order setting aside the assessment imposed by the state court for plaintiff failing to appear; and (5) personal damages. *Id*. at 23.

Plaintiff does not present specific claims against specific defendants. Instead, as noted, she lists various legal authorities at the outset of the first amended complaint. Plaintiff does not provide notice to defendants as to what claims she brings against which defendants. The first amended complaint is insufficient to put defendants on notice of plaintiff's claims and of the factual basis for them. *See Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

Plaintiff is also advised of two potential pleading deficiencies. First, to the extent plaintiff brings a claim regarding any potential impoundment of her vehicle, the Supreme Court has held that "[a]n impoundment may be proper under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and also if it is necessary to remove the vehicle from an exposed or public location." *Miranda v. City of*

---

[2] The earlier action was ultimately dismissed without prejudice because plaintiff did not comply with her obligation to keep the court advised of her address. *See Halousek v. Sacramento County Sherriff*, Case No. 2:21-cv-2351-TLN-DB, ECF No. 11.

*Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005). Second, to the extent that plaintiff asks this court to vacate an order issued by the state court, this court is without jurisdiction to do so. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) ("Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal.").

Accordingly, the first amended complaint is dismissed with leave to amend. Plaintiff may file an amended complaint that explains why, if at all, her claims should proceed. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "Second Amended Complaint" and be filed within fourteen days of this order's entry.

Accordingly, it is ORDERED that:

1. Plaintiff's first amended complaint, ECF No. 13, is DISMISSED with leave to amend.

2. Within fourteen days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal will result in a recommendation that this action be dismissed for failure to state a claim.

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: October 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE